UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD VINCENT RAY, JR., <br>     Plaintiff, <br>     v. <br> YVONNE GONZALEZ ROGERS, <br>     Defendant. | Case No. 16-05483 EJD (PR) <br><br> **ORDER OF DISMISSAL** |

Plaintiff, a California state prisoner, filed the instant pro se civil rights action pursuant to 42 U.S.C. § 1983 against the Honorable Judge Yvonne G. Rogers. Plaintiff's motion for leave to proceed in forma pauperis shall be addressed in a separate order.

**DISCUSSION**

**A.  Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune

from such relief. See id. § 1915A(b)(1),(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

**B.   Plaintiff's Claims**

Plaintiff is challenging Judge Rogers' dismissal of a prior § 1983 complaint as untimely and for failing to afford him equitable tolling under state law. (Compl. at 3.) Plaintiff seeks injunctive relief and requests an order directing "Judge Rogers to re-examine her ruling while referring to the California Equitable Tolling Cases and/or that States Equitable Tolling Doctrines and its leading cases on that subject [*sic*]." (*Id.*)

A federal judge is absolutely immune from civil liability for acts performed in his judicial capacity and, unlike the judicial immunity available to state judges sued under § 1983, a federal judge's immunity is not limited to immunity from damages, but extends to actions for declaratory, injunctive and other equitable relief. See Moore v. Brewster, 96 F.3d 1240, 1243 (9th Cir. 1996); Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1394 (9th Cir. 1987) (applying judicial immunity to actions under Bivens), cert. denied, 486 U.S. 1040 (1988). This is because if a federal judge violates a litigant's constitutional rights in a proceeding pending in federal court, Congress has provided carefully structured procedures for taking appeals and for petitioning for extraordinary writs in Title 28 of the United States Code. See id. Here, Plaintiff may not circumvent the appeals process by filing a civil action against Judge Rogers in order to obtain the relief he seeks. Accordingly, this action must be dismissed because Judge Rogers is entitled to immunity for her actions performed in her judicial capacity. See Moore, 96 F.3d at 1243.

///

///

**CONCLUSION**

For the reasons state above, this action is DISMISSED for failure to state a claim upon which relief may be granted. See 28 U.S.C. § 1915A(b).

**IT IS SO ORDERED.**

Dated: 1/17/2017

_____
EDWARD J. DAVILA
United States District Judge

Order of Dismissal
PRO-SE\EJD\CR.16\05483Ray_dism